## Texas Truck Sleeper Company v. Artman

*Robert A. Galanter,* for plaintiff.

*Henry H. Wallace,* for defendant.

SCULCO, J., January 11, 1973.—This case comes before the court en banc on defendant's preliminary objections to plaintiff's complaint in the nature of a demurrer and in the nature of a motion for a more specific pleading. The pertinent facts in this matter are as follows:

On September 11, 1972, plaintiff filed a complaint in assumpsit whereby plaintiff alleged that plaintiff at the "special instance and request of the defendant sold and delivered to the defendant certain goods, wares and merchandise at the times, in the amounts,

of the kinds and for the prices set forth in the invoices or statement of accounts prepared in the ordinary course of plaintiff's business."

Plaintiff further alleges that after completion of the sale and delivery of these certain goods and acceptance of same by defendant, plaintiff continuously and regularly sent statements to defendant and defendant, despite repeated demands by plaintiff, failed or neglected to pay the amount due. Plaintiff demanded judgment against defendant in an amount of $975 plus interest from September 1, 1971, plus costs.

On October 16, 1972, counsel for defendant filed preliminary objections to this complaint in the nature of a demurrer and in the nature of a motion for a more specific pleading.

The first issue raised by defendant in his preliminary objections is:

"[M]ay a defendant raise the Statute of Frauds in a preliminary objection where the particular Statute of Frauds involved (sales) does not merely give defendant a valid defense but vitiates plaintiff's capacity to even bring suit."

This issue requires an examination of the Pennsylvania Rules of Civil Procedure 1017(b) and 1030. Rule 1017(b) states, in part:

"Preliminary objections are available to any party and are limited to

". . .

"(4) a demurrer, which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and applicability of which appears on the face of the complaint . . ."

Rule 1030 also alludes to the statute of frauds being raised by way of demurrer. The appropriate section of Rule 1030 reads:

" [A]nd, unless previously raised by demurrer and sustained, the defense of the statute of frauds and statute of limitations, shall be pleaded in a responsive pleading."

Although defendant is correct in its contention that one may raise the statute of frauds in a preliminary objection where the particular statute of frauds involved does not merely give defendant a valid defense but vitiates plaintiff's capacity to even bring suit, the court must examine these principles in view of the specific facts of this matter. The specific issues this court must decide are:

(a) Whether or not the statute of frauds as enunciated in section 2-201(1) of the Uniform Commercial Code of April 6, 1953, P. L. 3, reenacted October 2, 1959, P. L. 1023, is the type which vitiates a plaintiff's capacity to sue; and, if so

(b) Whether or not the pleadings submitted by plaintiff are defective so as to activate the applicable rules and thus require this court to quash this action.

The lower courts in Pennsylvania have specifically held that the statute of frauds as enunciated in section 2-201(1) of the Uniform Commercial Code is the type of statute which vitiates a plaintiff's capacity to sue and, therefore, may be raised by demurrer: Wickersham E & C Co. v. Arbutus Steel Co., 58 Lanc. 164 (1962).

Scrutinization of plaintiff's complaint and attachments thereto in this matter does not cause defendant's statute of frauds argument to be instilled with life. To the contrary.

The complaint of plaintiff alleges that certain items were sold to and delivered to defendant, that they were accepted by defendant, yet defendant has consistently refused to pay for these delivered and accepted items even though requested to do so by plaintiff. Plaintiff's

alleged degree of performance is sufficient to erase the effect of the language of the statute of frauds and correspondingly to validate the contract for the goods allegedly accepted by the defendant.

Defendant's second avenue of argument in support of his preliminary objections aims directly at plaintiff's capacity to bring suit in Pennsylvania. Defendant's argument states that all out-of-State individuals transacting business in Pennsylvania must be duly registered, and cites the Act of April 9, 1927, P.L. 177, 71 PS §276, in support of this contention. 71 PS §276 reads in part:

"The Department of State shall have the power and its duly shall be . . . to register the names, titles or designations of associations, societies, and corporations of the first class, the assumed or fictitious names under which individuals carry on or conduct business."

Defendant further cites the Act of July 11, 1957, P.L. 783, 15 PS §63, in support of its contention that plaintiff must register to do business within the Commonwealth of Pennsylvania. The complaint in this matter consistently refers to the plaintiff as a proprietorship, not a corporation as determined by defendant; thus plaintiff's registration requirements would fall under the provisions of the Act of May 24, 1945, P.L. 967, as amended, 54 PS §28.1, et seq., "fictitious name" provisions of our statutes rather than this last section cited by defendant.

The central issue raised by defendant rests upon the contention that plaintiff was conducting business within the Commonwealth of Pennsylvania. This court need not elucidate upon the many judicial decisions defining the term "conducting business" except to state that the transaction that precipitated this action, an alleged single isolated act which occurred at the

alleged "special instance and request by the defendant" of a plaintiff located without the Commonwealth of Pennsylvania, is not considered to be conducting business so as to bring plaintiff under the registering provisions of the Pennsylvania statutes. See Weig & Co. v. Bold Baking Corp., 97 Pitts. L. J. 329 (1949).

Defendant's final contention raises the question of sufficiency of plaintiff's complaint.

The test of sufficiency of complaint is whether it informs defendant with accuracy and completeness of the specific basis upon which recovery is sought so that he may know without question upon what grounds to make his defense. As part of the pleadings in this matter plaintiff has alleged sale and delivery of certain goods to defendant, receipt of these goods by defendant, an invoice verifying the sale of these goods, and defendant's refusal to pay for same.

Plaintiff has clearly set forth sufficient allegations of sale, delivery, and receipt of the goods in question, and defendant's failure to pay for them.

Defendant's final argument geared to the complaint's insufficiency rests upon his contention that plaintiff failed to aver whether there was a written contract between the parties. It will be presumed that the contract is, in fact, oral unless averred to the contrary. The basis for this conclusion arises from the interpretation of Pennsylvania Rule of Civil Procedure 1019 as found in Goodrich-Amram Procedural Rules Service 1019(h) (1) and 2a Anderson Pa. Civ. Prac. §1019.87, as well as many judicial decisions rendered by our sister courts.

It is, therefore, the opinion of this court that the complaint filed in this matter is sufficient to require defendant to answer.

The court enters the following

## ORDER

And now, to wit, January 11, 1973, after due and careful consideration of the pleadings and briefs submitted in this matter, it is hereby ordered, adjudged and decreed that defendant's preliminary objections in the nature of a demurrer and in the nature of a motion for a more specific pleading are without merit and the same hereby are denied and dismissed.

Defendant hereby is directed to file responsive pleadings within 20 days from the date of this opinion.